# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CYNTHIA S. DOERING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 10 C 5730 |
| v. ) | |
| ) | Magistrate Judge Nan R. Nolan |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cynthia S. Doering (Doering) appeals from an ALJ's decision denying her claim for disability insurance benefits (DIB). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the parties have cross-filed for summary judgment. Because the ALJ's decision is not supported by substantial evidence, the denial of benefits is reversed and this case is remanded for further proceedings consistent with this opinion.

## I.     Background

Doering applied for DIB in April 2007, alleging she became totally disabled on January 1, 2001, when she was 44 years old, because of rib dysfunction and pain in her back, neck, tailbone, and buttocks. (R. 85, 118). Doering's insured status for DIB purposes expired on December 31, 2005, which means Doering had to show she was disabled on or before that date to be eligible for DIB.

Doering was born on May 9, 1956 and has a history of back, neck, shoulder, and buttocks pain resulting from a chiropractic injury in 1990 and a subsequent neck injury in 2000. Doering also suffers from hypothyroidism, fibromyalgia, peripheral neuropathy, and nutritional deficiencies, among other conditions. Doering has a bachelor of science degree in nutrition from the University of Illinois and previously worked as a dietician. (R. 27-28).

Under the familiar five-step analysis used to evaluate disability, the ALJ found that Doering had not engaged in substantial gainful activity since January 1, 2001, the alleged onset date of disability (step one); her musculoskeletal pain involving her neck and back are severe impairments (step two); but that they do not qualify as a listed impairment (step three). (R. 19). The ALJ determined that Doering retained the residual functional capacity (RFC) to perform a range of light work with the exceptions that she was not to climb ladders, ropes, and scaffolds and was limited to occasional balancing, stooping, crouching, crawling, or climbing ramps and stairs. Id. Given this RFC, the ALJ concluded that Doering was able to perform her past relevant work as a clinical dietician (step four). (R. 21). In the alternative, the ALJ found that jobs existed in significant numbers in the economy that Doering could perform considering her age, education, work experience, and residual functional capacity (step five). (R. 22).

The Appeals Council granted Doering's request for review and corrected Doering's date last insured to December 31, 2005. The Appeals Council found that Doering was not disabled prior to December 31, 2005 because she could perform her past relevant work or a significant number of jobs in the national economy. (R. 1-8). Doering now seeks judicial review of the final decision of the Commissioner, which is the Appeals Council decision. Sims v. Apfel, 530 U.S. 103, 106-07 (2000).

**II.    Discussion**

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a claimant is disabled within the meaning of the Act, the ALJ conducts a five-step inquiry: (1) whether the claimant is currently unemployed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals any of the listings found in the regulations, see 20 C.F.R. § 404, Subpt. P, App. 1 (2004); (4) whether the claimant is unable to perform his former occupation;

and (5) whether the claimant is unable to perform any other available work in light of his age, education, and work experience. 20 C.F.R. § 404.1520(a) (2004); Clifford v. Apfel, 227 F.3d 863, 868 (7th Cir. 2000). These steps are to be performed sequentially. 20 C.F.R. § 404.1520(a). "An affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." Clifford, 227 F.3d at 868 (quoting Zalewski v. Heckler, 760 F.2d 160, 162 n.2 (7th Cir. 1985)).

Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon a legal error. Stevenson v. Chater, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). An ALJ's credibility determination should be upheld unless it is patently wrong. Schaaf v. Astrue, 602 F.3d 869, 875 (7th Cir. 2010). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. Estok v. Apfel, 152 F.3d 636, 638 (7th Cir. 1998).

The Appeals Council denied Doering's claim at step four, finding that Doering retains the residual functional capacity to perform a range of light work. Even if Doering was unable to perform her past relevant work, the Appeals Council found Doering would not be disabled at step five. Doering raises five main challenges to the ALJ's decision: (1) the ALJ improperly failed to find that she met Listing 5.08; (2) the ALJ erred in evaluating the medical opinions; (3) the ALJ erred in assessing Doering's residual functional capacity; (4) the ALJ erred in evaluating Doering's credibility; and (5) the ALJ improperly relied on the vocational expert's testimony.[1] Because the ALJ's credibility

---

[1] The ALJ purported to rely on the vocational expert's testimony in finding that Doering "would be able to perform a wide range of work at both the light and sedentary level of exertion." (R. 22). However, the vocational expert was not asked, and did not testify, about positions other than the dietician position. (R. 40-44). The Appeals Council agreed with the ALJ's finding at step five. (R.

assessment was seriously deficient, a remand for further proceedings is necessary.[2]

"The ALJ's credibility determinations are entitled to special deference but the ALJ is still required to 'build an accurate and logical bridge between the evidence and the result.'" Castile v. Astrue, 617 F.3d 923, 929 (7th Cir. 2010). ALJs are required to "carefully evaluate all evidence bearing on the severity of pain and give specific reasons for discounting a claimant's testimony about it." Martinez v. Astrue, 630 F.3d 693, 697 (7th Cir. 2011). Further, in evaluating a claimant's credibility, the ALJ must comply with SSR 96-7p and articulate the reasons for the credibility determination. Brindisi v. Barnhart, 315 F.3d 783, 787 (7th Cir. 2003). SSR 96-7p lists seven factors in addition to the objective medical evidence to be considered in a credibility analysis including the claimant's daily activities, the level of pain or symptoms, aggravating factors, medication, treatment, other measures to relieve pain, and limitations. SSR 96-7p, at *3. SSR 96-7p provides that the ALJ's credibility determination must be "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, at *4. The ALJ's credibility determination "must contain specific reasons for the finding on credibility, supported by the evidence in the case record." Id. It is not sufficient for an ALJ to "make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" Id.

In this case, the ALJ's credibility determination was inadequate for several reasons. The ALJ's entire credibility assessment consists of the following:

---

4).

[2] Although the Appeals Council decision is the final decision of the Commissioner under review, the Appeals Council adopted the ALJ's conclusions with regard to credibility. (R. 5). The Appeals Council also stated that Doering's "subjective complaints are not fully credible for the reasons identified in the body of this decision," but the body of the Appeals Council's decision contains no reasons why it found Doering's testimony unbelievable other than its adoption of the ALJ's conclusions in that regard. (R. 6). Therefore, references herein will be made to the ALJ's credibility decision.

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, her statements concerning the intensity, persistence and limiting effects of her symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. Based on the totality of the evidence, giving partial credit to claimant's subjective complaints and alleged limitations and allowing for the little objective support for claimant's allegations in the objective medical evidence, I find that the claimant remains capable of performing substantial gainful activity within the above cited parameters.

(R. 21). The ALJ's credibility determination is essentially boilerplate similar to language which the Seventh Circuit has repeatedly criticized. See Spiva v. Astrue, 628 F.3d 346, 348 (7th Cir. 2010); McClesky v. Astrue, 606 F.3d 351, 352 (7th Cir. 2010); Parker v. Astrue, 597 F.3d 920, 922 (7th Cir. 2010). Recently, Judge Posner characterized the exact same language as the first two sentences above as "a piece of opaque boilerplate." Bjornson v. Astrue, 671 F.3d 640, 644 (7th Cir. 2012). Such language "fails to inform us in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that the claimant's complaints were not credible." Id. at 645. The Seventh Circuit found this language "even worse" than similar language the Seventh Circuit had criticized as "meaningless boilerplate." Id.[3] The problem with the boilerplate language used in this case is that it "implies that ability to work is determined first and is then used to determine the claimant's credibility. That gets things backwards." Id. at 645. As the Commissioner's brief correctly recognizes, credibility is to be "evaluated as *part of* the residual functional capacity analysis and cannot be separated from it." Id. at 645-46; doc. 27 at 7 n.4.

The ALJ's use of this boilerplate language alone, however, is not enough to warrant a reversal or remand. The relevant issue is the sufficiency of the analysis that accompanies the language. Richison v. Astrue, 2012 WL 377674, at *3 (7th Cir. Fed. 7, 2012); Carter v. Astrue, 2011 WL 917000, at *7 (7th Cir. March 4, 2011). Here, the only specific reason provided by the ALJ for rejecting Doering's statements is the lack of objective medical evidence. In giving "partial credit to claimant's

---

[3] The Bjornson court warned the Social Security Administration to "take a close look at the utility and intelligibility of its [credibility] 'templates.'" Id. at 646.

-5-

subjective complaints and alleged limitations," the ALJ cited the "little objective support for claimant's allegations in the objective medical record." (R. 21). The ALJ's sole reliance on lack of objective medical evidence in assessing Doering's credibility is legally insufficient. An ALJ may not discredit a claimant's subjective complaints of pain and limitations solely because of a lack of corroborating objective medical evidence. Bjornson, 671 F.3d at 648; SSR 96-7p, at *1 (stating "an individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence."). SSR 96-7p requires the ALJ to consider "the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and other relevant evidence in the case record." Arnold v. Barnhart, 473 F.3d 816, 823 (7th Cir. 2007) (quoting SSR 96-7p).

Moreover, the ALJ's sole reliance on the lack of objective medical evidence when discounting Doering's credibility is particularly troubling because Doering has been diagnosed with fibromyalgia. As the Seventh Circuit has recognized, fibromyalgia is a "common, but elusive and mysterious" disease whose symptoms are "entirely subjective." Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996). "There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are 'pain all over,' fatigue, disturbed sleep, stiffness, and . . . multiple tender spots." Id. The ALJ described Doering's impairment as "severe musculoskeletal pain involving her neck and back." (R. 19). The ALJ did not specifically mention "fibromyalgia" in his decision despite multiple reports indicating that Doering had been diagnosed with fibromyalgia during the insured period. (R. 177, 179, 182, 183, 184, 185, 187, 188, 190, 192, 195, 204, 230, 234, 242). Just before the insured period began, Dr. Kurt Heinking, Doering's treating physician and a doctor of osteopathic medicine, noted that Doering "has a long history of poor sleep and fibromyalgia." (R. 200). On remand, the ALJ

shall specifically consider Doering's fibromyalgia with chronic pain in assessing her credibility.

The ALJ's decision does not make clear what weight if any he gave to Doering's statements, and a remand is necessary on this additional ground as well. In assessing a claimant's credibility, an ALJ must explain which of a claimant's statements are not credible and the extent to which they are not credible. Martinez v. Astrue, 630 F.3d 693, 696 (7th Cir. 2011); Spiva, 628 F.3d at 348. In Martinez, the Seventh Circuit reversed an ALJ's adverse credibility finding where there was "no explanation of which of [the claimant's] statements are not entirely credible or how credible or noncredible any of them are," rendering the ALJ's finding "suspended over air." Martinez, 630 F.3d at 696-97.

Doering testified that she can sit one hour at a time, stand ¾ of an hour, sit-stand-walk in combination for two and a half hours before she needs to lie down for a couple of hours, and lift four pounds. (R. 29, 30, 36). Doering also stated that she cannot lift overhead and can only look down a total of ten minutes at a time because of neck pain. (R. 37-38). The ALJ found Doering capable of performing certain light work, including the ability to sit, stand and/or walk for six hours in an eight-hour work day and lift up to twenty pounds occasionally and 10 pounds frequently notwithstanding Doering's testimony. (R. 19). The ALJ erred in not identifying which of Doering's statements were not credible and failing to connect his analysis of the medical evidence and other evidence of record to the statements he found not credible. The Commissioner argues "[b]ecause Plaintiff's statements that she could sit/stand/walk for a total of just two hours or two and one-half hours per day, and lift only four pounds, were inconsistent with the ability to perform light work, it was these statements/subjective complaints that the ALJ necessarily found not credible." Doc. 27 at 15. As in Golembiewski v. Barnhart, 322 F.3d 912, 916 (7th Cir. 2003), the "Commissioner's response is problematic for two reasons." First, "nothing in Social Security Ruling 96-7p suggests that the reasons for a credibility finding may be implied." Id. If the ALJ found Doering's statements regarding her ability to sit/stand/walk and lift not credible, the ALJ should have specifically stated so and

explained why. By failing to explain which of Doering's statements he did not credit and why, the ALJ failed to provide a sufficient basis for his credibility assessment. Second, "regardless of the requirements of Social Security Ruling 96-7p, general principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ." Id.

In defending the ALJ's credibility determination, the Commissioner points out that the ALJ expressly discussed Doering's subjective complaints and considered the medical evidence from the insured period. (R. 18, 20). The ALJ summarized Doering's testimony (R. 18) and certain medical evidence (R. 20), but there is nothing in the decision explaining how the ALJ made his credibility decision. It is the responsibility of the ALJ and not the Commissioner's attorney to connect the credibility determination to the evidence. The ALJ made no effort to connect any of the evidence he cited to his credibility conclusion, and thus failed to "build an accurate and logical bridge from the evidence to the conclusion." Berger v. Astrue, 516 F.3d 539, 544 (7th Cir. 2008); see also Smith v. Astrue, 2012 WL 767798, at *4 (7th Cir. March 12, 2012) (holding credibility assessment deficient where ALJ's opinion "tick[ed] off certain medical evidence, [but] does not specify how the evidence undermines [the claimant's] credibility or which statements the ALJ found not credible."). The Commissioner characterizes the evidence concerning Doering's condition before her date last insured as "scant" (doc. 27 at 12), but scant evidence supporting a claimant's claim does not excuse the ALJ from properly evaluating credibility and articulating the rationale for his conclusion. Although the ALJ summarized certain of the objective medical evidence and Doering's statements, his failure to build a logical bridge between the evidence he does cite and his credibility finding and to explain the specific weight he accorded to Doering's statements concerning her symptoms requires a remand.

Before remanding the case, one final matter merits mention. Although the ALJ did not specifically cite the state agency physicians' findings as a basis for rejecting Doering's credibility, the ALJ noted in his decision that the "[r]eviewing DDS physicians denied the claim in June and October

2007 on the basis of a failure to cooperate." (R. 21). In general, it is reasonable for an ALJ to note a claimant's failure to cooperate in the evaluative process as a basis for a diminished credibility finding. Goble v. Astrue, 385 Fed.Appx. 588, at *3 (7th Cir. July 14, 2010) (stating "a claimant's failure to cooperate may be sufficient reason in itself to reject her testimony."). In this case, however, the ALJ incorrectly characterized the record with regard to the state agency physicians' findings. Both state agency physicians explicitly found that there was insufficient evidence to make an assessment of the severity of Doering's impairments before the last date insured, not that Doering failed to cooperate with the agency. (R. 329) (stating [u]nfortunately, th[e] evidence is insufficient for an assessment of the severity of the alleged impairments."); (R. 346) (finding "[t]here is insufficient [medical evidence of record] to make a decision prior to the [claimant's date last insured] of 12/31/05.").[4]

---

[4] At step three, the ALJ concluded that Doering's impairments did not meet or equal a listed impairment, noting that in reaching this conclusion he "considered the opinions of the State Agency Medical consultants who evaluated this issue at the initial and reconsideration levels of the administrative review process and reached the same conclusion." (R. 19). This was the only basis for the ALJ's step three finding. The Appeals Council agreed with the ALJ's finding under step three. (R. 4). The ALJ's conclusion that the state agency physicians found that Doering's impairments did not meet a listing misstates the record. Neither doctor provided an opinion on whether Doering's impairments met or equaled a listing. It is questionable whether the ALJ's reliance on the state agency physicians' finding of insufficient evidence to render an opinion to support his step three conclusion is supported by substantial evidence.

With regard to the state agency physicians, the Commissioner criticizes Doering for failing to recognize that the Appeals Council, not the ALJ, issued the Commissioner's final decision. The Commissioner argues that the "Appeals Council did not rely on the State agency reviewing physicians' conclusions regarding the sufficiency of the evidence." Doc. 27 at 8. This too is a misstatement of the record. The Appeals Council stated that the "medical consultants made findings of fact after reviewing the record in this case. These findings have become expert medical opinion *which the Appeals Council considered* in arriving at this decision." (R. 5) (emphasis added). It is unclear in any event how the state agency physicians' findings of insufficient evidence to render an opinion constitute "expert medical opinion." The Commissioner's attorney contends that the state agency physicians' statements that there was insufficient evidence to determine the severity of Doering's impairments were not medical opinions because they did not identify what Doering could still do despite her impairments or identify any specific work-related limitations. Doc. 27 at 7-8. The Appeals Council also indicated that "additional evidence received after the reconsideration determination showed that the claimant's conditions are more limiting than previously believed." (R.5). It is difficult to understand how could later submitted evidence could show Doering's conditions

For these reasons, the Court finds the ALJ's credibility determination clearly inadequate. This case is being remanded for a full and fair analysis of Doering's credibility. On remand, the ALJ shall reference specific record evidence in support of his credibility determination as well as specify which of Doering's allegations of pain and limitations are not credible as required by SSR 96-7p. Because the ALJ's credibility finding impacts other issues including the RFC determination, the Court declines to address the remainder of Doering's arguments.

III. **Conclusion**

Plaintiff's Motion for Summary Judgment [19] is granted, and Defendant's Motion for Summary Judgment [26] is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and this case is remanded to the Social Security Administration for further proceedings consistent with this opinion. The Clerk is directed to enter judgment in favor of Plaintiff Cynthia S. Doering and against Defendant Commissioner of Social Security.

E N T E R:

*Nan R. Nolan*

**Nan R. Nolan**
**United States Magistrate Judge**

**Dated: April 24, 2012**

---

were more limiting than the state agency physicians previously concluded when they did not reach a conclusion regarding the severity of Doering's conditions.